No. 21,760.

ELIZABETH A. BEAN-HOGAN, *Appellee*, v. JOHN J. KLOEHR et al.,
Partners as KLOEHR BROTHERS, *Appellants*.

### SYLLABUS BY THE COURT.

1. AUTOMOBILE—*Negligence—Personal Injuries—Evidence.* Evidence
that while an automobile, operated by the owners in connection with
their business as common carriers, was being driven on a city street
at the rate of twenty-five to thirty miles an hour, two dogs ran in
front of it; that the driver changed his course slightly to avoid the first
one; and that the car ran into the other one, causing the overturning of
the car, is sufficient, in an action against the owners brought by a
passenger who was thereby injured, to sustain a finding of actionable
negligence on the part of the defendants.

2. SAME—*Verdict Not Excessive.* An allowance of $1,500 for pain and
suffering on account of the injuries received by the plaintiff in such a
case is held not to have been so excessive as necessarily to show passion
or prejudice.

Appeal from Montgomery district court; JOSEPH W. HOL-
DREN, judge. Opinion filed November 9, 1918. Affirmed.

*Charles Bucher,* and *Dallas W. Knapp,* both of Coffeyville,
for the appellants.

*E. L. Burton,* of Parsons, and *Charles D. Ise,* of Coffeyville,
for the appellee.

The opinion of the court was delivered by

MASON, J.: Elizabeth A. Bean-Hogan was injured by the
overturning of an automobile in which she was riding as a
paying passenger. She sued Kloehr Brothers, the owners and
operators of the car, and received a judgment for $2,000, from
which the defendants appeal.

1. The principal contention upon which a reversal is asked
is that the evidence did not warrant a finding that the accident
was the result of negligence on the part of the defendants.
There was evidence tending to establish these facts:

The defendants were operating a line of automobiles carry-
ing passengers in the city of Coffeyville. The plaintiff, with
others, entered one of the cars with the purpose of being taken
to her home. While the car was running at the rate of twenty-

five to thirty miles an hour two dogs ran in front of it, one chasing the other, the distance between them being from fifteen to twenty feet. The driver turned slightly so as to avoid hitting the first animal, but the machine ran into the second one, causing the overturning referred to.

The defendants argue that all the evidence was consistent with the hypothesis that the running into the dog was an accident that could not have been avoided by any diligence on the part of the driver. We think, however, that while there was no explicit testimony to that effect, there was room for the jury to infer that if the car had not been going so fast it would not have hit the dog, or that even if it had done so, the car would not have been overturned. The episode took place on a city street, and the maximum speed allowed by law was then twelve miles an hour (Gen. Stat. 1915, § 506), as it is now. (Laws 1917, ch. 74, § 5.) There was perhaps also room for an inference that more careful or skillful driving might have avoided the collision. The plaintiff asserts that, inasmuch as the defendants were admittedly common carriers, negligence on their part was inferrable from the fact that the car was overturned. The authorities seem to bear out this application of the rule invoked (10 C. J. 1029; Notes, 5 N. C. C. A. 33, and 13 id. 255), but it is not necessary to base the decision on this phase of the matter.

2. The jury itemized the verdict, allowing $500 for loss of time and $1,500 for pain and suffering. The defendants urge that the second item was excessive and extravagant. The plaintiff's version of the character and extent of her injuries was in part directly contradicted by the physician who attended her, but it was the province of the jury and the trial court to resolve the conflict in the evidence. We cannot say that the allowance was so large as necessarily to indicate passion or prejudice.

The judgment is affirmed.